BOARD OF SUPERVISORS OF LAUDERDALE COUNTY *v.* GUARANTY LOAN, TRUST AND BANKING COMPANY.
SAME *v.* FIRST NATIONAL BANK OF MERIDIAN.
SAME *v.* CITIZENS NATIONAL BANK OF MERIDIAN.

[77 South. 955, Division A.]

ATTORNEY-GENERAL. *Powers. Appeals. Constitution* 1890, *section* 103. *Code* 1906, *section* 184 (*Hemingway's Code, section* 3472). *Section* 190, *Code* 1906, (*Hemingway's Code, section* 3478). *Section* 191, *Code* 1906 (*Hemingway's Code, section* 3479). *Section* 94, *Code* 1906 (*Hemingway's Code, section* 76).

Where taxpayers appealed to the circuit court from the order of the board of supervisors assessing their property for taxation in which court the causes were heard and determined, and the board of supervisors did not authorize an appeal, in such case the attorney-general who had not before been connected with the case had no authority to appeal to the supreme court, for the reason that under section 103 of the Constitution, the powers of the attorney-general are such only as are conferred by statute and no such power is conferred either expressly or by implication. Section 184, Code 1906 (Hemingway's Code, section 3472); Section 190, Code 1906, (Hemingway's Code, section 3478); Section 191, Code 1906 (Hemingway's Code, section 3479); Section 94, Code 1906 (Hemingway's Code, section 76).

APPEAL from the circuit court of Lauderdale county.
HON. R. W. HEIDELBERG, Judge.

The Guaranty Loan, Trust & Banking Company, the First National Bank of Meridian, Mississippi, and the

Citizens National Bank of Meridian appealed to the circuit court from the order of the board of supervisors assessing their property for taxation. From the judgment of that court, the attorney-general appeals and the banks move to dismiss his appeal.

The facts are fully stated in the opinion of the court.

*Frank Roberson*, Assistant Attorney-General, for appellant.

*Baskin & Wilbourn* and *Amis & Dunn,* for appellee.

Smith, C. J., delivered the opinion of the court.

These appellees being dissatisfied with the assessment of their property for taxation, appealed to the circuit court from the order of the board of supervisors relative thereto, in which court the causes were heard and determined, and these appeals are prosecuted therefrom. The appeals were not authorized by the board, but were taken by the attorney-general, who had not theretofore been connected with the cases. Motions have been entered by the appellees to dismiss the appeals, on the ground that "the attorney-general is without authority of law to take" them.

The contention of the attorney-general is that the power to take the appeals is conferred on him both by statute and by the common law; the argument in support of the second proposition being that when the office of attorney-general was created in this state, there necessarily attached to it all of the common-law powers of that office as it exists in England, from which it was taken, which powers, it is said, include the one here in question. Both of these contentions are without merit, for the reason that under section 103 of the Constitution, the powers of the attorney-general are such only as are conferred by statute; and no such power is conferred either expressly or by implication by the statutes called to our attention, which are:

Section 184, Code 1906 (Hemingway's Code, section 3472); section 190, Code 1906 (Hemingway's Code, section 3478); section 191, Code 1906 (Hemingway's Code, section 3479); section 94, Code 1906 (Hemingway's Code, section 76).

*Motions sustained.*