BOARD OF SUPERVISORS OF LAUDERDALE COUNTY *v.*
GUARANTY LOAN, TRUST & BANKING CO. SAME *v.*
FIRST NAT. BANK OF MERIDIAN. SAME *v.* CITY
NAT. BANK OF MERIDIAN.

[79 South. 802, Division A.]

1. APPEAL AND ERROR. *Right to appeal. Authority of attorney-general.*

The taking of an appeal is one of the incidents connected with
the prosecution or defense of a suit and under Laws 1918, chap-
ter 238, authorizing the attorney-general to institute or defend
any suit arising out of any act or order of the tax commission,
he may take an appeal as an incident connected with the prose-
cution or defense of a suit.

2. SAME.

Under this statute the attorney-general being authorized to take
up a suit at any stage thereof, he may take an appeal, although
the judgment appealed from was rendered prior to the passage
of the act.

3. APPEAL AND ERROR. *Right to appeal. Authority of attorney-general.*

Where the attorney-general brought an appeal in a case involving
an act or order of the tax commission before he had authority
to do so this did not prevent him from subsequently bringing
such appeal when authorized so to do, since in such case Code
1906, section 4922 (Hemingway's Code, section 3198), prohibiting
appeal after dismissal, has no application.

APPEAL from the chancery court of Lauderdale county
HON. G. C. TANN, Chancellor.

Actions by the board of Supervisors of Lauderdale
County against the Guaranty Loan, Trust & Banking
Company and the First National Bank of Meridian and
against the Citizens National Bank of Meridian. From
a judgment for defendant, in each case, plaintiff ap-
peals.

The facts are fully stated in the opinion of the court.

*Frank Roberson,* Assistant Attorney-General, for appellant.

*Baskin & Wilbourn,* for appellees.

SMITH, C. J., delivered the opinion of the court.

These cases arise out of orders of the tax commission, and this is their second appearance in this court; the appeals in both instances being taken on the petition of the attorney-general. The former appeals were dismissed (117 Miss. 132, 77 So. 955), for the reason that there was then no statute in existence authorizing an appeal in such cases on petition of the attorney-general. After the former appeals were dismissed, and prior to the taking of the appeals here in question, chapter 238, Laws 1918, was enacted, by which the attorney-general is "authorized to institute or defend any suits arising out of any act or order of the tax commission," etc.

The taking of an appeal is one of the incidents connected with the prosecution or the defense of a suit, so that by this statute the attorney-general is now authorized to prosecute appeals in cases of the character here in question. That the judgments in the court below were rendered prior to the passing of this statute is not material, for by it the attorney-general is authorized to take up the prosecution or defense of such suits at any stage of the procedure therein.

Section 4922, Code of 1906 (section 3198, Hemingway's Code), has no application here, for the reason that the former appeals were not taken by any of the parties thereto; the attorney-general being at that time, in the language of his present brief, "a mere interloper." *Bull* v. *Harrell,* 7 How. 9.

It follows, from the foregoing views, that the motions to dismiss the appeals must be and are overruled.

*Overruled.*